**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4201**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES MILLER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:11-cr-00185-D-1)

Submitted:  December 20, 2012          Decided:  January 7, 2013

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert H. Hale, Jr., ROBERT H. HALE, JR. & ASSOCIATES, ATTORNEYS AT LAW, PC, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Miller pled guilty to possession of contraband by an inmate, 18 U.S.C. § 1791(a)(2), (b)(3) (2006), and was sentenced to a term of fifty-eight months' imprisonment, an upward variance of twelve months from the top of the career offender Guidelines range the district court found applicable. U.S. Sentencing Guidelines Manual § 4B1.1 (2011). Miller appeals his sentence, contending that the district court procedurally erred by finding that he was a career offender and substantively erred by varying upward. We affirm.

Miller possessed two homemade knives, or shanks, which were both concealed in his clothing when they were discovered. At his sentencing hearing, Miller unsuccessfully challenged his designation as a career offender on the ground that his instant offense was not a crime of violence. The court varied upward from the Guidelines range of 37-46 months in light of the seriousness of Miller's offense, his history of drug and firearms offenses beginning at an early age, his repeated failure to comply with conditions of supervised release, and the disciplinary infractions he incurred while he was incarcerated. The court explained that the variance was necessary "to punish and to deter [Miller] for the serious offense. . . . to deter others . . . [and] to incapacitate [Miller]."

We review a sentence for reasonableness under an abuse of discretion standard, Gall v. United States, 552 U.S. 38, 51 (2007), which requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). Miscalculation of the Guidelines range is a significant procedural error. Gall, 552 U.S. at 51. The substantive reasonableness of a sentence is reviewed for abuse of discretion, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. In reviewing a variance, the appellate court must give due deference to the sentencing court's decision. United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.) (citing Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 2946 (2011).

We conclude that the district court did not err procedurally in finding that Miller's possession of shanks was a crime of violence. See United States v. Mobley, 687 F.3d 625 (4th Cir. 2012), petition for cert. filed, Nov. 8, 2012.

With respect to the variance, Miller claims first that it was based on a consideration of improper factors, specifically, his apparent failure to accept the teachings of the Jehovah's Witnesses, as his parents did, and that the court "relied too heavily on its own subjective belief in the

3

seriousness of the offense[.]"  However, the record shows that the district court did not rely on Miller's religious beliefs or lack of beliefs in determining the sentence.  The court's comments were not focused on Miller's beliefs, but on his early inclination to crime.  Moreover, in light of Mobley, the court properly assessed the seriousness of the crime.

Miller also argues that the extent of the court's variance was unreasonable because it was almost twice as much as the top of the 24-to-30-month Guidelines range that that would have applied had the court decided that he was not a career offender.  This claim is meritless because the court correctly determined that Miller was a career offender.

Last, Miller contends that, even if the district court correctly determined that he was a career offender, the upward variance was unreasonable.  The district court's justification for a variance must support the degree of the variance, but the court need not identify "extraordinary circumstances," even for a major deviation from the Guidelines range.  Diosdado-Star, 630 F.3d at 366 (internal quotation and citation omitted).  Here, we conclude that the district court adequately explained its decision to vary and did not abuse its discretion in varying upward by twelve months.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED